IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIAN CONNELY, Sr., ADMINISTRATOR
OF THE ESTATE OF BRIAN CONNELY, JR.,
WENDY CONNELY, Individually and on Behalf
of the Wrongful Death Heirs of BRIAN CONNELY, JR.
and WENDY CONNELY, As Next Friend of
AC, A Minor

Versus                                                    Cause No: 1:11 cv293HSO-JMR

CITY OF PASCAGOULA, MISSISSIPPI; PASCAGOULA
POLICE DEPARTMENT; CHIEF KENNY JOHNSON;
OFFICER MATT CHAPMAN and JOHN DOES 1-25

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 41(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW, Defendants, City of Pascagoula, Mississippi; Pascagoula Police Department; Chief Kenny Johnson; and Officer Matt Chapman (hereinafter referred to as "Defendants"), by and through its counsel of record, Dogan & Wilkinson, PLLC, and files this Memorandum in Support of their Motion to Dismiss this matter with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and would state as follows, to-wit:

**Facts and Procedural History**

On September 29, 2010, a notice of claim was sent to the City of Pascagoula, i.e. the Mayor, Chief Kenny Johnson, the City Attorney, each member of the City Council, and the acting City Manager. On February 14, 2011, a complaint was filed in the Circuit of Jackson County Mississippi. However, the matter was voluntarily dismissed by the Plaintiffs on March 22, 2011, shortly after the defendants named therein were served. Subsequently, a new notice of claim was filed on April 26,

2011. A new complaint was then filed on July 20, 2011 [1]. Immediately thereafter, a First Amended Complaint was filed on July 26, 2011 [3]. The Defendants filed their Answer and Affirmative defenses on November 7, 2011 [15].

On January 25, 2012, the Case Management Conference was held setting the Case Management Order [17] providing all deadlines for the duration of the matter. All parties timely submitted Initial Disclosures in accordance therewith. Shortly thereafter, written discovery was served on the Plaintiffs. Subsequently, numerous delays occurred causing Plaintiffs to request additional time to designate experts on two separate occasions. Plaintiffs' delays in executing certain medical waivers and releases ultimately lead to Defendants' Filing a Motion to Continue Trial and Associated Deadlines [34] and a corresponding Memorandum in Support of said motion [35]. Defendants will rely on the illustration of the delays contained therein in support of this Motion to Dismiss. Said Motion [34] and Memorandum [35] illustrate the ongoing delays and frustration endured by the Defendants throughout the discovery process. Similarly, Defendants filed a subsequent Motion to Stay All Pleading Deadlines, or In the Alternative Continue Trial [46]. Said Motion [46] also contains numerous illustrations of the difficulties related to seeking depositions of the Plaintiffs and their witnesses. Defendants will likewise rely on the delays evidenced in said Motion [46] in support of this Motion to Dismiss.

After the Motion to Continue [34] was granted, Defendants continued to pursue depositions of the Plaintiffs and their witnesses, both expert and fact. Despite numerous requests, Defendants have only been allowed to depose Mr. Brian Connely, Sr. and the minor AC. Upon notice of an intent to file a Motion to Compel, legal counsel for the Plaintiffs contacted legal counsel for the Defendants and notified them of an intent to withdraw as counsel. On January 8, 2013, counsel for the Plaintiffs, Erik S. Heninger filed an Unopposed Motion to Withdraw as Counsel [43]. In said

motion, Mr. Heninger provides that "due to circumstances that have occurred through the course of discovery in this case continued representation has been rendered unreasonably difficult." Said motion was granted by this Honorable Court. Subsequently, but on the same day, counsel for the Plaintiffs, John Hawkins and Edward Gibson, filed an Unopposed Motion to Withdraw as Counsel [45]. In said motion, Mr. Hawkins and Mr. Gibson refer to their contract for services and provide that they intend to withdraw "because of the difficulty of further prosecution of the case." On February 4, 2014, the remaining counsel for the Plaintiffs and counsel for the Defendants appeared before this Honorable Court to discuss the Motion to Withdraw [45]. Upon conclusion of said hearing, this Honorable Court issued an Order February 5, 2013 [50] allowing Mr. Hawkins and Mr. Gibson to withdraw as counsel. In said Order [50], this Honorable Court provided that Plaintiffs' unwillingness to accept certain advice of their legal counsel lead to said counsel filing the Motion to Withdraw [45]. This Court in granting this request referenced in support of its decision Plaintiffs' unwillingness to abide by the terms of the agreement relating to representation and further referenced the material breakdown of the attorney-client relationship. This Honorable Court further directed the Plaintiffs within thirty (30) days of the February 5, 2013 Order [50] to inform the Court in writing of their selection of new counsel or their intent to proceed pro se. To Defendants' knowledge, no such writing has been submitted to date.

## LAW AND ARGUMENT
### Failure to Comply with a Court Order

Rule 41(b) of the Federal Rules of Civil Procedure provides that if the plaintiff fails to prosecute or to comply with these rules or **a court order**, a defendant may move to dismiss the action or any claim against it. Said rule further provides that unless otherwise stated in the dismissal order, a dismissal under this subdivision operates as an adjudication on the merits.

On the 5th day of February, 2013, this Honorable Court issued an order instructing Plaintiffs that they have thirty (30) days from the date of said Order [50] to inform the Court in writing of their selection of new counsel or that they intend to proceed pro se. To Defendants' knowledge, no such correspondence has been submitted.

As illustrated above, this litigation was initiated September 29, 2010. The matter was dismissed and re-filed. Four separate attorneys have represented the Plaintiffs in this litigation and all have subsequently withdrawn. Since the inception of the second lawsuit, the prosecution and corresponding defense of the same has be plagued by constant delays. The delays in this litigation have been described in detail above, and in the corresponding pleadings previously filed in this matter.

Defendants have had to incur expense, time, and inconvenience throughout the last two and half years since the inception of this lawsuit. In the spirit of judicial efficiency and in accordance with Rule 41(b) of the Federal Rules of Civil Procedure, Defendants request this Court dismiss this matter with prejudice, and thereby, dismiss any and all claims asserted against these Defendants whether in the individual capacity or in their official capacity.

WHEREFORE, PREMISES CONSIDERED, for the reasons set forth herein, Defendants request this Honorable Court to dismiss all of Plaintiffs' claims against each of the Defendants both in their individual capacities, as well as their official capacities. Further, Defendants request this Court to dismiss any and all claims of damages of whatever kind against these moving Defendants. Defendants request that said dismissal be done with prejudice. Defendants further seek any and all other relief to which this Court deems they are entitled.

Respectfully submitted on this the 12th day of March , 2013.

CITY OF PASCAGOULA, MISSISSIPPI;
PASCAGOULA POLICE DEPARTMENT;
CHIEF KENNY JOHNSON; AND
LT. MATT CHAPMAN

BY: /s/ W. Charles McVea
    W. Charles McVea, MSB#102436
    Robert Wilkinson, MSB #7215
    DOGAN & Wilkinson, PLLC
    P.O. Box 1618
    Pascagoula, MS 39568-1618
    Telephone: (228) 762-2272
    Facsimile: (228) 762-3223
    E-Mail: cmcvea@doganwilkinson.com

## CERTIFICATE OF SERVICE

I, W. Charles McVea, do hereby certify that I have this day mailed via certified, return receipt U.S.P.S. mail a true and correct copy of Memorandum In Support Of Defendants' Motion To Dismiss Pursuant To Rule 41(B) Of The Federal Rules Of Civil Procedure to the Plaintiffs**:**

Brian Connely, Sr.
103 Mountain Lane
Pell City, AL 35125

Wendy Connely
1909 Meadowbrook Street
Pascagoula, MS 39567

So certified this the 8th day of March, 2013.

                                          /s/ W. Charles McVea
                                          W. Charles McVea