IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIAN CONNELY, SR., ET AL.                                      PLAINTIFFS

VS.                                        CIVIL ACTION NO. 1:11CV293HSO-JMR

CITY OF PASCAGOULA, ET AL.                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER COMES BEFORE THE COURT upon the Motion to Dismiss
[53] filed March 12, 2013, by City of Pascagoula, Mississippi, Pascagoula Police
Department, Chief Kenny Johnson, and Officer Matt Chapman [collectively referred
to as "Defendants"].  Defendants move to dismiss Plaintiffs' Complaint for want of
prosecution pursuant to FED. R. CIV. P. 41(b).  To date, Plaintiffs have not
responded to Defendants' Motion.  The Court, having considered the pleadings on
file and the relevant legal authorities, finds that Defendants' Motion to Dismiss
should be granted, and Plaintiffs' Complaint should be dismissed without prejudice
pursuant to FED. R. CIV. P. 41(b).

I.  FACTS AND PROCEDURAL HISTORY

Plaintiffs filed this lawsuit on July 20, 2011, pursuant to 42 U.S.C. § 1983.
Compl. [1].  Plaintiffs advance claims for wrongful death, excessive force, assault,
intentional infliction of emotional distress, negligence, gross negligence, and
recklessness.  Plaintiffs seek actual damages, punitive damages, ad damnum
damages, attorneys' fees, and costs.  Compl., [1], ¶¶ 57-61, at pp. 14-16.  Plaintiffs

filed an Amended Complaint [5] on July 27, 2011, asserting the same claims against the same Defendants.

On January 27, 2012, the Court entered a Case Management Order [17], which imposed certain deadlines and set the case for trial on its February 2013 calendar.  On January 8, 2013, Plaintiffs' counsel John Hawkins filed a Motion to Withdraw as Attorney [45], which the Court granted by Order entered on February 5, 2013.  On February 5, 2013, the Court granted Defendants' Motion to Continue Trial [46], and the case was reset on the Court's October 2013 trial calendar.

On February 7, 2013, the Court rescheduled the settlement conference and forwarded notice to all parties.  A copy was mailed to Plaintiffs at the address provided to the Court.   Defendants filed the instant Motion [53] on March 12, 2013. The deadline for Plaintiffs to file a timely response was March 29, 2013.   On April 2, 2013, a Supplemental Motion to Withdraw as Counsel [55] was filed by Mr. Eric Heninger, which was granted by Order [17] entered on April 17, 2013.

On April 25, 2013, the Court entered an Order [58] which directed Plaintiffs to show good cause for 1) the failure to file a Response to Defendants' Motion to Dismiss [53]; and 2) why the Court should not dismiss the above captioned cause pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.  Order [58], entered April 25, 2013.  In that same Order, Plaintiffs were advised that any failure to comply with the Court's Order could result in the dismissal of this action without further notice.  *Id*.  To date, there has been no Response filed by Plaintiffs.

## II. <u>DISCUSSION</u>

FED. R. CIV. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." The Court may also "dismiss an action sua sponte under Rule 41(b) for failure to comply with a court order or whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Link v. Wabash Railroad*, 370 U.S. 626, 631 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996)(citing *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)); *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Link, supra*, 370 U.S. at 629-30; *see also Hand v. UNUM Provident Corp.*, 202 F. App'x 689, 694 (5th Cir. 2006).

A dismissal for failure to prosecute is an inherent power to be exercised in the discretion of the district court. *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). On appeal, a decision to dismiss under Rule 41(b) is limited to reversal for abuse of discretion. *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Rogers ex rel. Rogers v. Metropolitan Transit Authority Metrolift,* 111 F. App'x 782 (5th Cir. 2004); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980).

Plaintiffs have not taken any action in this case, or otherwise contacted the Court, since their attorneys were permitted to withdraw.  Plaintiffs were advised by the Court's April 25, 2013, Order that it would proceed with a ruling on the merits of Defendants' Rule 41(b) Motion.   Plaintiffs likewise have failed to show cause or respond, even after being advised that this case could be dismissed for such a failure.  Plaintiffs have not prosecuted this case, and dismissal is warranted.

### III.  CONCLUSION

After consideration of the record, the Court is of the opinion that Defendants' Motion to Dismiss should be granted, and that the above captioned cause should be dismissed pursuant to FED. R. CIV. P. 41(b) for Plaintiffs' failure to prosecute and to comply with the Court's Orders.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Defendants' Motion to Dismiss filed March 12, 2013 [53], is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' Complaint against Defendants is dismissed without prejudice, pursuant to FED. R. CIV. P. 41(b).  All other pending motions are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 20th day of May, 2013.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE